**NATIONAL GEOGRAPHIC SOCIETY, Plaintiff,**

v.

**INTERNATIONAL MEDIA ASSOCIATES INC., Defendant.**

**Civ. A. No. 89–1200.**

United States District Court, District of Columbia.

Jan. 29, 1990.

Barry M. Gottfried, Washington, D.C., for plaintiff.

Marvin G. Pickholz, Washington, D.C., for defendant.

## MEMORANDUM ORDER

JOHN GARRETT PENN, District Judge.

This case arises out of an agreement between plaintiff, National Geographic Society (the "National Geographic"), and defendant, International Media Associates Inc. ("IMA"). Beginning in April 1984, the National Geographic designated IMA as its exclusive representative for distribution of certain of the National Geographic's films in foreign and domestic markets. On or about October 1, 1985, the National Geographic and IMA entered into an agreement (the "Agreement") whereby National Geographic confirmed IMA as its exclusive representative. *See* Complaint, Exhibit A. The National Geographic contends that IMA has breached the agreement between the parties and has violated its fiduciary duty to the National Geographic.

This matter is before the Court on National Geographic's motion for summary judgment on count IV, for entry of final judgment pursuant to Rule 54, and for deposit of funds into the Court Registry.

## I.

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R. Civ.P. 56(c). Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct.

2548, 2552, 91 L.Ed.2d 265 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Since the plaintiff, the party moving for summary judgment, has the burden of proving the lack of any genuine issue of fact, the Court must view the available facts in the light most favorable to the defendant. *Minihan v. American Pharmaceutical Ass'n,* 812 F.2d 726, 727 (D.C. Cir.1987).

Pursuant to Federal Rules of Civil Procedure, Rule 56 and Local Rule 108(h), the National Geographic has submitted a statement of material facts as to which there is no genuine issue ("National Geographic's SOMF"). Particularly, the National Geographic contends that the "IMA has failed to remit to the National Geographic a total of $140,008.18 in royalties which IMA's quarterly accounting show as due to the National Geographic." National Geographic's SOMF par. 9.[1] In IMA's statement of material facts as to which there is a genuine issue ("IMA's SOMF"), "IMA denies that plaintiff is presently entitled to remittance of $140,008.18 in money collected by IMA." IMA's SOMF par. 3.

IMA contends that it has counterclaims against the National Geographic; therefore, the National Geographic is not entitled to the royalties. Further, IMA states that summary judgment is premature because discovery has not been completed. IMA has not submitted an affidavit in support of a motion pursuant to Federal Rules of Civil Procedure, Rule 56(f), indicating what additional information would be needed to oppose the motion for summary judgment. Moreover, although there has been no discovery, the documents that indicate whether the National Geographic is entitled to royalty payments are in IMA's possession. The discovery IMA seeks would go to the counterclaims it has against the Na-

---

1. In support of its motion for summary judgment, the National Geographic has submitted the Declaration of Tim Kelly, Vice–President, Director of Television of the National Geographic Society, and the copies of IMA's accounting.

tional Geographic, not to whether IMA owes the National Geographic royalties. Further, IMA's accounting records indicate that National Geographic is due $140,-008.18 in royalties, for which IMA has not disputed the authenticity of the records.

Upon review of the record, it is clear that there are no material facts in dispute with respect to whether IMA owes the National Geographic $140,008.18 in royalties. The only dispute is to whether IMA is entitled to money due to its counterclaims. However, that dispute would not bar the Court from entering summary judgment with respect to the National Geographic's claim for royalties. There is no issue for trial with respect to IMA owing the National Geographic $140,008.18 in royalties;[2] accordingly, the Court concludes that the National Geographic is entitled to summary judgment on count IV.

### II.

The National Geographic moves that the Court enter final judgment pursuant to Federal Rules of Civil Procedure, Rule 54.

> Federal Rule of Civil Procedure 54(b) allows a district court dealing with multiple claims or multiple parties to direct the entry of final judgment as to fewer than all of the claims or parties; to do so, the court must make an express determination that there is no just reason for delay.

*Curtiss–Wright Corp. v. General Electric Company,* 446 U.S. 1, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980). The Supreme Court noted,

> that counterclaims whether compulsory or permissive, present no special problems for Rule 54(b) determinations; counterclaims are not to be evaluated differently from other claims. Like other claims, their significance for Rule 54(b) purposes turns on their interrelationship with the claims on which certification is sought.

*Id.* at 9, 100 S.Ct. at 1465 (citation omitted).

The Court recognizes that the counterclaim will directly determine whether IMA

would be entitled to deduct the money owed to the National Geographic from the money owed to it by the National Geographic. National Geographic states:

> "[t]hrough September 7, 1988, IMA remitted foreign royalties due and owing to the National Geographic with its regular accounting. IMA never attempted to 'set off' monies it claimed were owed to it by the National Geographic. Rather, IMA invoiced the National Geographic on such matters independently; and the National Geographic paid IMA separately on any legitimate invoices." *Id.*

National Geographic's Memorandum In Support of Its Motion at 2. However, upon review of the Agreement, the Court must agree with IMA that the Agreement is silent on whether IMA can "set off" monies due it. Although IMA did not "set off" monies due on a routine bases, there is no language in the Agreement that would have barred IMA from setting off monies due it by the National Geographic. The Court concludes that because the claims are so directly interrelated, final judgment should not be entered.

### III.

Because the Court concludes that final judgment is not appropriate, the Court similarly concludes that National Geographic's request for deposit of funds into the Court Registry should be denied.

### VI.

For the reasons discussed above, the Court concludes that the National Geographic's motion for summary judgment on count IV, for entry of final judgment pursuant to Rule 54, and for deposit of funds into Court Register should be granted in part and denied in part.

It is hereby

ORDERED that the National Geographic's motion for summary judgment on count IV is granted, it is further

---

**2.** The National Geographic would be entitled to any future royalties that come out of the Agree-

ment.

ORDERED that judgment is entered in favor of the National Geographic awarding to the National Geographic the sum of $140,008.18 for royalties, it is further

ORDERED that the National Geographic is entitled to future royalties pursuant to the Agreement, it is further

ORDERED that the National Geographic's motion for entry of final judgment pursuant to Rule 54 is denied, it is further

ORDERED that the National Geographic's motion for deposit of funds into the Court Registry is denied.